Arturo GALLEGOS CERVANTES;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–73032.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 25, 2008.

Norma M. Molinar, Esquire, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel Glenn Lonergan, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Arturo Gallegos Cervantes and his family, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal, and denying their motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Gallegos Cervantes failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Gallegos Cervantes contends that the IJ violated due process by denying a continuance and failing to act as a neutral factfinder. Contrary to Gallegos Cervantes' contentions, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted). Moreover, Gallegos Cervantes failed to demonstrate prejudice. *See id.* (requiring prejudice to prevail on a due process challenge).

Gallegos Cervantes' contention that the agency deprived him of due process by misapplying the law to the facts of his case and by disregarding evidence of country conditions is not supported by the record and therefore does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gallegos Cervantes' equal protection contention is unavailing because he is not similarly situated to the adult respondent in *Matter of Recinas,* 23 I. & N. Dec. 467, 473 (BIA 2002) (en banc). *See Dillingham v. INS,* 267 F.3d 996, 1007 (9th Cir.2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons.").

Lastly, the BIA did not abuse its discretion in denying Gallegos Cervantes' motion to reopen because he failed to demonstrate that the evidence he submitted was previously unavailable. *See* 8 C.F.R. § 1003.2(c); *see also Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**